UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EDDIE BROWN, III** | **CIVIL ACTION NO. 3:13-cv-2749** |
|     **LA. DOC #396086** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **SHERIFF JAY RUSSELL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Eddie Brown, III, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 25, 2013. [Doc. 1] When he filed the complaint he was an inmate at the Ouachita Parish Correctional Center awaiting trial on unspecified charges; he is apparently still awaiting trial. He claimed that on February 19, 2013, in the course of a motion to suppress, Dy. Tahji Brown of the Ouachita Parish Sheriff's Office and Officer Dewayne Cookson of the Monroe Police Department testified that they forged signatures on an arrest affidavit and then filed that document into the public records of the Ouachita Parish Clerk of Court. Plaintiff prayed for his release from custody and compensatory damages for emotional distress, lost wages, and mental anguish; in his first amended complaint he sought injunctive relief prohibiting the defendants from "executory process," along with the original claims for compensatory and punitive damages. Thereafter, in a second amended complaint he again alleged that he is a detainee awaiting trial on charges pending in the Fourth Judicial District Court; he prayed for an injunction releasing him from custody and prohibiting his further prosecution, along with compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief is available.

### *Statement of the Case*

Plaintiff provided a deficient original complaint. He sued Ouachita Parish Sheriff Jay Russell, Dy. Tahji Brown, Monroe Police Chief Mark Holmes, and Officer Dewayne Cookson. In the complaint filed on September 25, 2013, he claimed that on February 19, 2013, "... it was manifested in court at a criminal trial to suppress evidence, that on January 31, 2011, Officers Tahji Brown ... and Dewayne Cookson ... testified under oath in misrepresenting themselves on a legal document (Arrest Affidavit) by forging signatures of the arresting officer and the arrestee. Subsequently filed the falsified document into public records with the Ouachita Parish Clerk's Office. Which violated [plaintiff's] rights to due process under the 5th and 14th Amendments ... depriving plaintiff of his liberty, violating his rights under the 4th and 14th Amendments..." [Doc. 1, ¶IV] He prayed "that he be restored his liberty and compensated with money damages for emotional distress, loss of wages, mental anguish..." [Doc. 1, ¶V]

On November 4, 2013, he filed exhibits [Doc. 9] including (1) the January 31, 2011 Affidavits of Probable Cause for Arrest Without a Warrant charging him with indecent behavior with juveniles signed by Det. J. Booth and notarized by Dy. Brown [Doc. 9, pp. 1-3]; and (2) the Initial Arrest Report and Booking Information [Doc. 9, pp. 4-6], and a proposed judgment for an as yet to be filed motion for a preliminary injunction. [Doc. 9, p. 7]

On December 16, 2013 the undersigned completed an initial review and directed plaintiff to amend his complaint. Among other things, it was noted, "[Plaintiff] has alleged that the

Officer Cookson and Dy. Brown admitted to forging documents which were filed in the Clerk of Court's records,;however, he has not alleged how their actions violated his Constitutional rights. With respect to Sheriff Russell and Chief Holmes, plaintiff has alleged no fault. Further, plaintiff seeks release from custody, a remedy not available in this proceeding." He was ordered to amend his complaint and to "... precisely state what **EACH DEFENDANT** did to violate **HIS** constitutional rights with respect to the facts alleged and further, he shall state with specificity **THE NATURE AND EXTENT OF THE INJURIES, PREJUDICE,** or other **HARM HE CLAIMS TO HAVE SUSTAINED AS A RESULT OF THE ALLEGED CONSTITUTIONAL VIOLATIONS."** [Doc. 13]

On December 20, 2013, he filed an amended complaint. He named additional defendants, namely, OPCC Warden Patrick Johnson and Det. James Booth of the Monroe City Police Dept.; he also identified Dy. Brown as the "Booking Officer" at OPCC. He alleged that he was arrested on January 31, 2011, by Detective Booth who, according to plaintiff, "failed to complete the affidavit by affixing his signature to the required spaces on the document 'Page (1) one' which nullifies the affidavit and constitutes the Plaintiff's being seized unlawfully under the 4th Amendment of the United States Constitution." He also claimed that on that same date, January 31, 2011, he "was transferred from the Monroe Police Department along with the arrest affidavit by Monroe Police Officer Dewayne Cookson to Ouachita Parish Correctional Ctr. In order to be booked by the Sheriff of Ouachita." While there plaintiff "witnessed the Police Officer Dewayne Cookson and Booking Officer Tahji Brown commit fraud in completing the affidavit by Forgery, R.S.14:72; False Swearing, R.S.14:125; False Certification of Arrest Documents, R.S.14:126.4; and Filing False Documents into Public Records, R.S.14:133 in order

to further plaintiff's detention." According to plaintiff, these acts violated rights guaranteed to him under the Fourth and Fifth Amendments. Plaintiff further alleged that Sheriff Russell is depriving him of his liberty in violation of the Fifth and Fourteenth Amendments. Plaintiff also claimed that he raised these concerns in a grievance submitted to Warden Johnson who denied his request. Plaintiff concluded his amended complaint by requesting (1) injunctive relief restraining the defendants "from executory process..."; and (2) compensatory and punitive damages in an unspecified amount. [Doc. 13]

On January 31, 2014, plaintiff was again directed to amend his complaint. The order noted that notwithstanding plaintiff's prior amendments he "... failed to allege the nature of the harm or injury he sustained as a result of the allegedly improper behavior of the defendants." The order further noted, "To the extent that plaintiff maintains that he was wrongly arrested, and thereafter imprisoned or prosecuted, he has failed to allege a crucial fact, i.e. whether the facts alleged in the complained of affidavits were in fact true and, whether probable cause existed to justify his arrest, detention, and prosecution." Finally, this order noted that plaintiff had not alleged the status of the charges, and that his request for injunctive relief was non-specific. [Doc. 15]

On February 10, 2014, plaintiff again amended his complaint. He alleged that he "is currently detained in [OPDC] awaiting trial on pending charges in the 4th Judicial District Court..." He identified the following defendants: (1) Jay Russell, the Commissioner of Ouachita Parish who "... is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Ouachita Parish Correctional Center..."; (2) Patrick Johnson, the Warden of OPDC who "... is legally responsible for the overall operation..." of

OPDC; (3) Tahji Brown, the Booking Officer at OPDC; (4) Quentin Holmes, the Chief of Police, "... legally responsible for the operation and hiring and training of the Monroe City Law Enforcement..."; (5) Detective James A. Booth and Officer Dewayne Cookson of the Monroe City Police Department.

Thereafter he alleged the following "Statement of Facts" –

(1) On January 31, 2011, he was arrested by Detective Booth "... on a probable cause to arrest affidavit." However, Booth "failed to complete the affidavit by affixing his signature," which, according to plaintiff "constitutes a deprivation of procedural due process and ... being seized unlawfully under the 5th, 4th and 14th Amendments..."

(2) On the same date, approximately 30 minutes later, plaintiff was transported from the Monroe Police Dept. to the OPDC by Officer Cookson. Upon arrival plaintiff observed Cookson and Booking Officer Brown "commit fraud in completing the document by forgery ... in order to further plaintiff's detainment..." in violation of "established statutory law depriving the plaintiff of due process and equal protection under the 14th Amendment because the document was not brought under proper oath or affirmation depriving plaintiff of his right under the 4th Amendment..."

(3) As a result of the foregoing, "Jay Russell Sheriff is holding the plaintiff of liberty under this falsified document in his custody leaving the plaintiff to suffer great and irreparable harm from the alleged conduct of the defendants by way of making illegal documents effective in violation of procedural due process and equal protection of the law..."

Plaintiff then asserted that he exhausted legal remedies when he "... addressed Warden Patrick Johnson who was the facility investigator for the filing of reports for claims on unlawful

conduct on the above dates..." by submitted a letter to him on December 13, 2012 which said grievance was thereafter denied resulting in a violation of plaintiff's 14th Amendment right to equal protection.

According to plaintiff, the foregoing caused deprivations of due process and have resulted in plaintiff's unlawful detention. He now prays: (1) for an injunction ordering Sheriff Russell to cease his unlawful detention of the plaintiff and ordering District Attorney Jerry Jones to be "restrained from executory process of the prosecution..."; (2) for compensatory damages; and, (3) punitive damages. [Doc. 16]

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Habeas Corpus and Abstention*

In addition to compensatory and punitive damages, plaintiff prayed for the dismissal of the pending criminal charges and his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to a conviction in a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he claims that his pre-trial detention is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system. Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted.

In addition, the *Younger* Doctrine prohibits the type of intervention requested by plaintiff. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If

those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff is awaiting trial on charges of indecent behavior with a juvenile. He is clearly the subject of an "ongoing state judicial proceeding"; further, the State of Louisiana has an important state interest in the subject matter of the proceeding, and Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges both before and after trial.

Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his requests for injunctive relief seeking the intervention of this Court into his on-going State court prosecution, should also be dismissed as frivolous pursuant to the *Younger* Doctrine.

*3. Limitations*

Plaintiff also implies that he was falsely arrested and imprisoned on January 31, 2011. The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See*

*Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus accrued within hours after his arrest on January 31, 2011 when Judge Manning reviewed the allegations set forth in the "Affidavit of Probable Cause for Arrest Without a Warrant" [Doc. 9] which was submitted to him on January 31, 2011, and determined that probable cause for plaintiff's arrest and detention had been established. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973

(2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued when a magistrate judge found probable cause to detain Villegas pending trial.") Plaintiff claims that the affidavit of probable cause was forged; however, he has never claimed that the facts alleged on the affidavit were in any way untrue.[1] Under Louisiana law, "<u>Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest</u>. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. <u>The determination</u> may be made without the presence of the defendant and <u>may be made upon</u> affidavits or <u>other written evidence</u>..." See La. C.Cr.P. art. 230.2(A) (Emphasis supplied). Here, even if plaintiff's claim of forgery is accepted as true, the State Court was able to make a probable cause determination by relying on the "written evidence" submitted. In other words, the officers need not have presented Judge Manning with an affidavit; probable cause could have been determined, and in fact was determined, based upon the "written evidence" submitted to the Court, the truthfulness of which plaintiff has never disputed.

      The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year from the date that Judge Manning made his determination of probable cause, or until January 31, 2012, at the latest, to file his civil

---

[1] According to the document, "On 1-11-11 a 13 year old girl stated Eddie Brown sent her a naked picture of himself to her cell phone. The 13 year old girl stated Brown knew her age before he sent the picture. The girl also stated she and Brown talked on the phone about having sex but never met up. On 1-31-11, I Det. Booth, met with Brown after signing a rights form Brown told me he texted messaged (sic) the victim and spoke with her by phone. Brown told me he sent the girl a naked picture of himself..." [Doc. 9, p. 1]

rights complaint claiming false arrest/imprisonment and a violation of his Fourth and Fourteenth Amendment rights.  Plaintiff's complaint was filed well beyond the expiration of the 1-year period of limitations and therefore the complaint should be dismissed as frivolous.

*Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, March 7, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**